IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Dr. Fiona Axelsson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| University of North Dakota School of | ) | Case No. 3:22-cv-56 |
| Medicine and Health Sciences, Sanford, | ) | |
| Sanford Health, and North Dakota | ) | |
| Professional Health Program, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court are two motions. The first is a motion to dismiss filed by Defendant North Dakota Professional Health Program ("NDPHP") on May 2, 2022. Doc. No. 21. In response to NDPHP's motion to dismiss, Plaintiff Dr. Fiona Axelsson filed an amended complaint on May 6, 2022. Doc. No. 23. Dr. Axelsson's amended complaint prompted the filing of the second motion, which is NDPHP's motion for consolidated briefing. Doc. No. 24. For the following reasons, the Court finds as moot NDPHP's motion to dismiss and denies its motion for consolidated briefing.

On April 4, 2022, Dr. Axelsson filed a 27-count complaint against NDPHP and other defendants. Doc. No. 1. In the complaint, and as to subject matter jurisdiction, Dr. Axelsson asserted federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367(a). Id. NDPHP filed a motion to dismiss, claiming that this Court lacked subject matter jurisdiction and arguing that Dr. Axelsson failed to state a claim upon which relief can be granted, among other things. See Docs. No. 21, 22. In response to the motion, Dr. Axelsson filed an amended complaint, as permitted by Federal Rule of Civil Procedure 15(a). Doc. No. 23. In her amended complaint, Dr. Axelsson now asserts the Court has subject matter jurisdiction via

diversity jurisdiction under 28 U.S.C. § 1332(a)(2). Id. ¶ 7.  The amended complaint also contains some modifications to the factual allegations.

NDPHP then filed its motion for consolidated briefing. Specifically, NDPHP requests "that it be relieved of its obligation to respond to the amended pleading within 14 days under Fed. R. Civ. P. 15(a)(3) and instead address Axelsson's amended assertion of diversity jurisdiction in its reply to Axelsson's oppositional briefing" on the pending motion to dismiss.  Doc. No. 24.  In essence, rather than filing a new motion to dismiss the amended complaint, NDPHP's preference is to address the amended complaint and its changes in its reply in support of its original motion to dismiss.

Procedurally, the Court has concerns about the approach suggested by NDPHP.  Rule 15(a) of the Federal Rules of Civil Procedure provides, in pertinent part:

> **(a) Amendments Before Trial.**
>
> **(1)** *Amending as a Matter of Course.*  A party may amend its pleading once as a matter of course within:
>
> **(A)** 21 days after serving it, or
>
> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a).  Dr. Axelsson, in compliance with Rule 15(a)(1)(B), filed an amended complaint in response to NDPHP's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b).  Per the Rules of Civil Procedure, the amended complaint serves as Dr. Axelsson's response to the motion to dismiss.[1]  Effectively, the amended complaint moots the original motion to dismiss filed by NDPHP, as that motion moved to dismiss the original complaint, which has now been

---

[1] Indeed, Rule 15 was amended in 2009 to permit "responsive amendment" to a motion to dismiss pursuant to Rule 12.  The advisory committee notes state, "A responsive amendment may avoid the need to decide the motion[.]"

amended in response to the motion to dismiss. As such, and consistent with the Rules of Civil Procedure, the Court declines to allow NDPHP to address changes to the amended complaint in its reply to the original motion to dismiss.

After carefully reviewing the entire record and the relevant law, the Court **FINDS AS MOOT** NDPHP's motion to dismiss (Doc. No. 21) and **DENIES** NDPHP's motion for consolidated briefing (Doc. No. 24). Consistent with Federal Rule of Civil Procedure 15(a)(3), NDPHP has 14 days from the date of this order to respond to the amended complaint, if necessary. See F. R. Civ. P. 15(a)(3).

**IT IS SO ORDERED**.

Dated this 16th day of May, 2022.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court