UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Dr. Fiona Axelsson,<br><br>Plaintiff,<br><br>vs.<br><br>University of North Dakota School of Medicine and Health Sciences; Sanford; Sanford Health; and North Dakota Professional Health Program,<br><br>Defendants. | Case No.: 3:22-cv-00056<br><br>**North Dakota Professional Health Program's Answer to Plaintiff's Amended Complaint and Demand for Jury Trial** |

Defendant North Dakota Professional Health Program (NDPHP), for its Answer to Plaintiff's Amended Complaint, states as follows:

1. Denies each and every allegation in Plaintiff's Amended Complaint except as otherwise admitted or qualified in this Answer.

2. Admits NDPHP is a North Dakota 501(c)(3) nonprofit corporation funded from the State of North Dakota through the North Dakota Board of Medicine (NDBOM) and has its principal place of business at 919 S. 7th St., Suite 305, Bismarck, North Dakota.

3. NDPHP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 11 through 59, 63 through 73, 78 through 96, and 100 through 102 of Plaintiff's Amended Complaint.

4. Regarding the allegations contained in paragraphs 60 through 62 of Plaintiff's Amended Complaint, admits Plaintiff voluntarily enrolled in the North Dakota Professional Health Program on May 25, 2021 for substance use and mental health disorders, understanding, among other things, that NDPHP is a non-treatment monitoring program that does not diagnose or treat program

participants, but tracks a program participant's compliance for health professionals under Chapter 43-17.3, N.D.C.C. With her voluntary enrollment, Plaintiff consented to the services of the program and understood all the terms and conditions applicable to her participation, which included statutorily-obligated reporting by NDPHP to NDBOM for non-compliance with the terms and conditions of participation in the program. Further admits Plaintiff signed a Monitoring Agreement on September 16, 2021, setting forth the terms and conditions and Plaintiff's understandings of her participation in the program.

5. Denies the allegations contained in paragraphs 74 and 75 of Plaintiff's Amended Complaint and asserts Plaintiff's Monitoring Agreement was amended twice, on October 1, 2021 and again on November 10, 2021. The first amendment was done consistent with the recommendations of Plaintiff's treating health care providers at the treatment center requiring that Plaintiff "must have a chaperone identified by my residency program as being acceptable for all encounters with male patients." The second amendment was done to remove this original recommendation of Plaintiff's treating health care providers because, after further review by these treating health care providers, they determined she could return to practice in her residency without a chaperone. Consistent with that recommendations Plaintiff's Monitoring Agreement was amended a second time on November 10, 2021. These recommendations were made by Plaintiff's treating health care providers, not NDPHP, since NDPHP is a non-treatment monitoring program that does not diagnose or treat program participants. NDPHP thus denies that it "refused to modify" Plaintiff's Monitoring Agreement or conveyed "misinformation" to UND as alleged in paragraphs 97 through 99 of Plaintiff's Amended Complaint.

6. Regarding the allegations contained in paragraphs 76 and 77 of Plaintiff's Amended Complaint, admits on March 30, 2022, NDPHP reported to NDBOM, as it is statutorily-obligated to do, that Plaintiff was not in compliance with the treatment plan she established based on, among

other things, many positive breathalyzer tests. This report was made in good faith and within the scope of NDPHP's responsibilities under N.D.C.C. Ch. 43-17.3.

7. The allegations set forth in paragraphs 103 through 150 and Counts I through XXIV of Plaintiff's Complaint are not directed at NDPHP and, therefore, a responsive pleading is not necessary. To the extent a response is required, the allegations are denied.

8. Regarding Count XXVI in Plaintiff's Amended Complaint—Breach of Contract Claim against NDPHP—no responsive pleading is necessary as this claim was dismissed by the Court. To the extent a response is required, the allegations are denied.

9. Regarding Counts XXV and XXVII in Plaintiff's Amended Complaint, denies the allegations contained in paragraphs 151, 152, 155 and 156. Further denies that any false and defamatory communications were made by NDPHP about Plaintiff or that NDPHP interfered with any contract, employment or otherwise, of Plaintiff's.

10. Denies any alleged action or inaction on the part of NDPHP was the direct or proximate cause of Plaintiff's alleged injury and damages.

11. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

12. Affirmatively asserts Plaintiff's Amended Complaint is barred, in whole or in part, by qualified, statutory, and/or absolute privilege under N.D.C.C. § 14-02-05, and non-liability and/or immunity under N.D.C.C. § 43-17.3.08. Further asserts Plaintiff failed to comply with the requirements of N.D.C.C. Ch. 32-43 (Uniform Correction Or Clarification Of Defamation Act). Consequently, Plaintiff's defamation claim must be dismissed and, alternatively, is limited to only provable economic loss.

13. NDPHP requests a jury trial as to all issues in accordance with the Federal Rules of Civil Procedure by the maximum number of jurors allowed by law.

WHEREORE, Defendant North Dakota Professional Health Program requests Plaintiff's Amended Complaint be dismissed with prejudice and it be awarded costs incurred in defense of this action and such further relief as the Court may deem appropriate.

Dated this 2nd day of November, 2022.

BY: */s/ Tracy Vigness Kolb*
Tracy Vigness Kolb, ND ID# 05338
MEAGHER & GEER, P.L.L.P.
1900 Burnt Boat Drive, Suite 101
Bismarck, ND 58503
Ph:  701.222.1315
Direct Ph:  70.333.0638
tkolb@meagher.com

*Attorneys for Defendant North Dakota Professional Health Program*

### Certificate of Service

I certify that on November 2, 2022, the foregoing document was filed electronically with the Clerk of Court through ECF and that ECF will send a Notice of Electronic Filing (NEF) to the following:

Thomas D. Fiebiger – tom@fiebigerlaw.com
Rolf T. Fiebiger – rolf@fiebigerlaw.com
  **Attorneys for Plaintiff**

Matthew A. Sagsveen – masagsve@nd.gov
Courtney R. Titus – ctitus@nd.gov
  **Attorneys for Defendant University of North Dakota
    School of Medicine & Health Sciences**

Brent D. Kettelkamp – brent.kettelkamp@ogletree.com
Cynthia A. Bremer – cynthia.bremer@ogletree.com
  **Attorneys for Defendants Sanford and Sanford Health**

Dated this 2nd day of November, 2022.

*/s/ Tracy Vigness Kolb*
Tracy Vigness Kolb, ND ID# 05338
tkolb@meagher.com