UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Dr. Fiona Axelsson,<br><br>                    Plaintiff,<br><br>vs.<br><br>University of North Dakota School of Medicine & Health Sciences; Sanford; Sanford Health; and North Dakota Professional Health Program,<br><br>                    Defendants. | **STIPULATION FOR PROTECTIVE ORDER**<br><br>Case No. 3:22-cv-00056 |

[¶1]  Upon stipulation of the parties for an order pursuant to Fed. R. Civ. P. 26(c) that confidential information be disclosed only in designated ways:

    1.    As used in the Protective Order, these terms have the following meanings:

        "Attorneys" means counsel of record;

        "Confidential" documents are documents that contain information protected under state or federal law that are designated pursuant to paragraph 2;

        "Documents" are all materials within the scope of Fed. R. Civ. P. 34;

        "Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

        "Written Assurance" means an executed document in the form attached as Exhibit A.

    2.    A Party may designate a document "Confidential" to protect information that is protected under state or federal law as authorized under Fed. R. Civ. P. 26(c).

    3.    All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall directly or indirectly use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in paragraph 4. Any other use is prohibited.

4. Use and Disclosure of any Confidential document shall be limited to:

    (a) The Court and its staff;

    (b) Attorneys, their law firms, partners and associate attorneys, and any persons regularly employed by such attorneys or their firms when working in connection with this action under the direct supervision of partners or associate attorneys of their firm; and their Outside Vendors;

    (c) Persons shown on the face of the document to have authored or received it;

    (d) Court reporters engaged for depositions;

    (e) The parties to this action and/or their insurers or self-insurers and, in case of corporate parties, their officers, officials, directors, or employees, to the extent they are assisting counsel in the conduct of this litigation;

    (f) Any witness whose testimony or assistance is required for a claim or defense;

    (g) Outside independent persons (*i.e.*, persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action.

5. Third parties producing documents in the course of this action may also designate documents as "Confidential" subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as "Confidential" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" pursuant to the terms of the Protective Order.

6. Each person appropriately designated pursuant to paragraph 4(g) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A.

7. All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the

transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons authorized to have access to such information.

8. Any party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents. Any party may elect to rescind or alter the designation of any document as Confidential by providing written notice to all parties and their Attorneys of such election.

9. If a party files a document containing Confidential information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for the District of North Dakota. That policy provides that if a party seeks to file documents designated as "Confidential," the party must first file a motion for leave to file under seal, accompanied by a memorandum in support, setting forth the legal basis for sealing the documents. If only portions of the documents designated as "Confidential" contain sensitive information, and a party seeks to file the documents with the Court, that party must (1) file a motion for leave to file under seal and a memorandum in support of the motion, which provides an explanation of the legal basis for redacting information from the document, and (2) attach to the motion for leave to file under seal an unredacted copy of the document and a proposed redacted copy of the document. The proposed redactions shall be highlighted or otherwise identified in a manner that enables the Court and the other party to easily review the proposed redactions. Prior to disclosure at trial or a hearing of materials or information designated "Confidential," the parties may seek further protections against public disclosure from the Court.

10. Any party may request a change in the designation of any information designated "Confidential." Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

11. Within 60 days of the termination of this action, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential" and all copies of such documents and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within the 60-day period. However, Attorneys shall be entitled to retain a copy of all documents designated as Confidential under this Order.

12. Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

13. In the event additional parties are joined or permitted to intervene in this Action, they shall be bound by the terms of this Protective Order.

14. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

15. The obligations imposed by the Protective Order shall survive the termination of this action.

16. This stipulation does not usurp North Dakota Open Records laws. To the extent there is a conflict between this stipulation and the obligations of any written assurance executed

pursuant to this stipulation and the North Dakota law as it pertains to public records, North Dakota law controls.

[¶2]   Stipulated to:

Dated this 2nd day of February, 2023.

                                              FIEBIGER LAW, LLC

                                        By:    /s/  Rolf T. Fiebiger
                                                  Thomas D. Fiebiger, ND #04190
                                                  Rolf T. Fiebiger, MN #391138
                                                 6800 France Avenue South, Suite 190
                                                 Edina, MN 55435
                                                 Telephone: 612.339.6474
                                                 tom@fiebigerlaw.com
                                                 rolf@fiebigerlaw.com

                                            Attorneys for Plaintiff Dr. Fiona Axelsson.

Dated this 2nd day of February, 2023.

                                            State of North Dakota
                                            Drew H. Wrigley
                                            Attorney General

                                        By:    /s/  Courtney R. Titus
                                                 Courtney R. Titus
                                                 Deputy Solicitor General
                                                 State Bar ID No. 08810
                                                 Office of Attorney General
                                                 500 North 9th Street
                                                 Bismarck, ND 58501-4509
                                                 Telephone (701) 328-3640
                                                 Facsimile (701) 328-4300
                                                 Email ctitus@nd.gov

                                            Attorneys for Defendant University of North Dakota School of Medicine & Health Sciences.

Dated this 2nd day of February, 2023.

        OGLETREE, DEAKINS, NASH,
        SMOAK & STEWART, P.C.

        By:    /s/ Brent D. Kettelkamp
               Cynthia A. Bremer, ND #05552
               Brent D. Kettelkamp, ND #09600
               Capella Tower
               225 South Sixth Street, Suite 1800
               Minneapolis, MN 55402
               Telephone: 612.339.1818
               cynthia.bremer@ogletree.com
               brent.kettelkamp@ogletree.com

               Attorneys for Defendants Sanford and
               Sanford Health.

Dated this 2nd day of January, 2023.

        MEAGHER & GEER, PLLP

        By:    /s/ Tracy Vigness Kolb
               Tracy Vigness Kolb, ND ID# 05338
               1900 Burnt Boat Drive, Suite 101
               Bismarck, ND   58503
               Ph:  701.222.1315
               Direct Ph: 701.333.0638
               tkolb@meagher.com

               Attorneys for Defendant North Dakota
               Professional Health Program

## ORDER

The parties' stipulated protective order is adopted as the Order of the Court.

Dated this 3rd day of February, 2023.

                                    /s/ Alice R. Senechal
                                    Alice R. Senechal
                                    United States Magistrate Judge

# EXHIBIT A

## WRITTEN ASSURANCE

I have read and I understand the terms of the Protective Order dated _____, filed in Case No. _____, pending in the United States District Court for the District of North Dakota. I agree to comply with and be bound by the provisions of the Protective Order.

I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall destroy or return to the attorney from whom I have received them, any documents in my possession designated "Confidential," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of North Dakota for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____            _____
                    (Date)                                                     (Signature)